UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

VINCENT CARR a.k.a. TYRONE HARRIS,

                                     Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER JOSEPH
BAROSA, shield no. 25718, POLICE OFFICER JOHN G.
HAWTHORNE, shield no. 3941, POLICE OFFICER
MARK MacDONNELL, POLICE OFFICER GREGORY
THORNTON, shield no. 14958, AND SERGEANT
McCORD,

                                     Defendants.

------------------------------------------------------------------ x

11 CIV.

**11 CIV 6982**

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE



## PRELIMINARY STATEMENT

    1.    This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff seeks monetary damages for the malicious criminal prosecution of plaintiff, wrongful imprisonment and wrongful conviction of plaintiff, in violation of his fundamental federal constitutional rights to due process of law and to be free of unreasonable search and seizure.

    2.    The plaintiff seeks damages, both compensatory and punitive, and award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

    3.    Plaintiff was charged and prosecuted for several crimes he did not commit and was convicted of a crime he did not commit. Defendants Police Officers Joseph Barbosa,

John G. Hawthorn, Mark MacDonnell and Sergeant McCord, then officers in the New York City Police Department, either intentionally or through deliberate indifference, played a direct role in the malicious prosecution against plaintiff, and ultimately the unlawful conviction and confinement in New York City jails and New York State prisons for over four years. Thereafter, as a result of the malicious prosecution and denial of a fair trial, defendants were responsible for restrictions on plaintiff's liberty interests when plaintiff was placed on parole.

4. Defendant New York City Police Officers and Sergeants deliberately lied to prosecutors and juries about their observations on the date of plaintiff's arrest which caused plaintiff to be unlawfully detained for an extended period of time and wrongfully convicted.

5. Defendant New York City Police Officers and Sergeants' motivation for lying to prosecutors and juries about their observations on the date of plaintiff's arrest was to cover up the fact that they stopped and searched plaintiff without reasonable suspicion or probable cause. Defendants felt the need to illegally stop, search and arrest plaintiff because of unconstitutional policies, practices and procedures by the New York City Police Department and defendant City of New York that require officers to arrest a certain number of individuals per tour. Moreover, NYPD officers that make higher numbers of arrests are more likely to be given choice assignments and be assigned to elite units such as Narcotics and Anti-Crime.

6. As a result of the aforementioned police misconduct, plaintiff served nearly 4 ½ years in prison for crimes he did not commit and thereafter his liberty interests were restricted for several years while plaintiff was required to abide by the conditions of his parole.

## JURISDICTION

7. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

8. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

9. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

10. Plaintiff Vincent Carr, a/k/a Tyrone Harris, is a citizen of the United States and a resident of the County of Queens, State of New York.

11. New York City Police Officer John G. Hawthorne, shield number 3941, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

12. On the date of incident, February 16, 2001, Police Officer John G. Hawthorne was assigned to the Midtown North Precinct.

13. Police Officer John G. Hawthorne is being sued in his individual and official capacity.

14. New York City Police Officer Joseph Barosa, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

15. On the date of incident, February 16, 2001, Police Officer Joseph Barosa was assigned to the Midtown North Precinct.

16. Police Officer Joseph Barosa is being sued herein in his individual and official capacity.

17. New York City Police Officer Mark MacDonnell, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

18. On the date of incident, February 16, 2001, Police Officer Mark MacDonnell was assigned to the Midtown North Precinct.

19. Police Officer Mark MacDonnell is being sued herein in his individual and official capacity.

20. New York City Police Officer Gregory Thornton, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

21. On the date of incident, February 16, 2001, Police Officer Gregory Thornton was assigned to the Midtown North Precinct.

22. Police Officer Gregory Thornton is being sued herein in his individual and official capacity.

23. New York City Police Sergeant McCord, is and was at all times relevant herein a sergeant, officer, employee, and agent of the New York City Police Department.

24. On the date of incident, February 16, 2001, Sergeant McCord was assigned to the Midtown North Precinct.

25. Sergeant McCord is being sued in his individual and official capacity.

26. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

27. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

28. On February 16, 2001, the individually named defendant Police Officers were assigned to the Street Narcotics Enforcement Unit ("SNEU") and were conducting an "observation post" in the vicinity of 47th Street and Eighth Avenue in the County and State of New York.