83. The individually named defendant police officers and sergeants observed the other defendants violate plaintiff's rights under the Constitution of the United States and did nothing to prevent the violation of their Constitutional Rights.

84. The malicious prosecution thereafter by the individually named defendant police officers and sergeants and wrongful imprisonment of plaintiff during the course of the prosecution and caused plaintiff to sustain physical pain and suffering, as well as psychological and emotional trauma.

85. Defendant City of New York and the New York City Police Department's deliberate indifference to the defendant police officers' dishonesty and prior allegations of misconduct caused plaintiffs' Constitutional Rights to be violated.

86. There is a policy, practice or custom within the New York City Police Department wherein New York City Police Officers stop, question and search individuals without probable cause or reasonable suspicion when the officers have not achieved the number of arrests and stops that were expected by their supervisors. Such unconstitutional activity occurs because the officers are expected to justify the number of arrests and the number of stops made by officers during a particular tour. There is enormous pressure placed on the police officers by their supervisors to arrest and stop a particular number of individuals on each tour. Police Officers within the NYPD are given choice assignments in specialized units such as SNEU and Anticrime units when they make a large number of arrests.

87. Defendant City of New York and the New York City Police Department are deliberately indifferent to the fact that New York City Police Officers stop, search, and arrest individuals without probable cause in order to meet numerical arrest "goals" set by their supervisors, and create false versions of events to justify their actions.

88.     As a result of the aforementioned policies and practices and defendant City of New York's deliberate indifference about the fact that New York City Police Officers stop, search, and arrest individuals without probable cause or reasonable suspicion, and create false versions of events to justify their actions, there is a pattern, policy, custom or practice of New York City Police Officers arresting individuals for possession of weapons or contraband without probable cause.

89.     The aforementioned, unconstitutional policies, practices, and customs of defendant City of New York and the New York City Police Department caused plaintiffs' Constitutional rights to be violated throughout the course of the criminal prosecution against plaintiff.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs' Fourth Amendment and Fourteenth Amendment Rights

90.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 89 with the same force and effect as if more fully set forth at length herein.

91.     Defendants who were acting in concert and within the scope of their authority caused plaintiff to be imprisoned and maliciously and criminally prosecuted without probable cause in violation of plaintiffs' right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

92.     Defendants, individually and collectively, manufactured, acted in concert to manufacture, aided and abetted each other to manufacture, and/or conspired to manufacture,

evidence which they intended for use against plaintiff in criminal proceedings, and/or which they caused to be used as a basis for plaintiff's arrest, prosecution and conviction.

93. The aforementioned defendants did so knowing that the evidence was false, and with deliberate indifference to whether it was false.

94. Without the false evidence manufactured by defendants, there would have been no basis to stop, search, prosecute, or convict plaintiff for the crimes he was charged.

95. The aforesaid conduct of defendants operated to deprive plaintiff of his rights under the Constitution and the laws of the United States:

(a) Not to be deprived of his liberty or property or to be prosecuted, detained or imprisoned except upon probable cause to believe him guilty of the crimes for which he was prosecuted (Fourth and Fourteenth Amendments);

(b) To timely disclosure to the appropriate authorities and/or to the criminal defendant of all evidence favorable to such defendant, within the meaning of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and the Due Process Clauses of the Fifth and Fourteenth Amendments);

(c) Not to have false, misleading or inherently unreliable "evidence" manufactured, all in violation of the Fourth Amendment and the Due process Clauses of the fifth and Fourteenth Amendments;

(d) Not to be indicted, prosecuted, detained, convicted or imprisoned through the use of false, fabricated, misleading, or inherently unreliable "evidence," or through the wrongful withholding of material evidence favoring the defendant, in violation of the Due Process Clauses of the Fifth and fourteenth Amendments, the right-to grand jury indictment under the Fifth and fourteenth

Amendments, the right to a fair trial under the Fifth, Sixth and Fourteenth Amendments, the right to reasonable bail under the Fifth, Eighth and Fourteenth Amendments, and the right to be free of unreasonable search and seizure and deprivation of liberty or property under the fourth and Fourteenth Amendments.

96. The foregoing violations of plaintiff's federal constitutional rights by defendants were a direct, proximate and substantial cause of plaintiff's wrongful indictment, malicious criminal prosecution, pre-trial detention, unjust conviction, approximately 4 and a half years of imprisonment and several years of Parole supervision thereafter.

97. The foregoing violations of plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the defendants' employment and authority.

98. Defendants committed the foregoing violations of plaintiff's rights knowingly, intentionally, willfully, and/or with deliberate indifference to plaintiff's constitutional rights or to the effect of such misconduct upon plaintiff's constitutional rights.

99. By reason of the foregoing, all the individual defendants are liable to plaintiff for violating, acting in concert to violate, aiding and abetting each other to violate and/or conspiring to violate, plaintiff's federal constitutional rights.

## SECOND CAUSE OF ACTION

## Malicious Prosecution

100. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 99 with the same force and effect as if more fully set forth at length herein.

101. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

102. Defendants commenced and continued a criminal proceeding against plaintiff.

103. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

104. The prosecution and criminal proceedings terminated favorably to plaintiff.

105. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

106. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

107. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

108. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

### THIRD CAUSE OF ACTION

### Failure to Intervene

109. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 108 with the same force and effect as if more fully set forth at length herein.

110. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

111. Defendants failed to intervene to prevent the unlawful conduct described herein.

112. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and was maliciously prosecuted.

113. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

114. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

115. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.